■ In the Matter of COREY L., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Gage, J.), dated January 21, 1986, which, upon a fact-finding order of the Family Court, Nassau County (Capilli, J.), dated November 4, 1985, made upon the appellant's plea of guilty, finding that appellant had committed acts which, if done by an adult, would have constituted the crime of attempted petit larceny, imposed a one-year term of probation. The appeal brings up for review the fact-finding order dated November 4, 1985.

Ordered that the order of disposition is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the fact-finding order is vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition.

The allocution which resulted in the appellant's admission that he had committed acts which, if done by an adult, would have constituted the crime of attempted petit larceny, was legally deficient because the Family Court failed to apprise the appellant of his various constitutional and statutory rights as well as the consequences of waiving those rights *(see,* Family Ct Act § 321.3; *Matter of Yolanda C.,* 118 AD2d 778; *Matter of Kim F.,* 109 AD2d 706; *Matter of Kelly Sue N.,* 94 AD2d 976). As the Corporation Counsel concedes, reversal is, therefore, warranted. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.