■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO PATERNO, Appellant.—Appeal by the defendant (1) from four judgments of the Supreme Court, Richmond County (Sullivan, J.), all rendered January 22, 1986, convicting him of violation of probation under superior court information No. 1631/84, grand larceny in the second degree under indictment No. 83/85, burglary in the second degree (two counts) under superior court information No. 2811/85, and criminal possession of stolen property in the first degree under indictment No. 2/86, upon his pleas of guilty, and imposing sentences,

and (2), by permission, from an order of the same court dated July 18, 1986, which denied his motion pursuant to CPL 440.10 to vacate the judgments of conviction.

Ordered that the judgments and order are affirmed.

Contrary to the defendant's contentions, we find that the Supreme Court was not required to conduct further inquiry as to the defendant's state of mind or the existence of a potential defense of intoxication, since the defendant's admissions at the plea allocutions sufficiently established that he knew "exactly what he was doing" when he perpetrated the crimes to which he pleaded guilty (see, People v Santana, 110 AD2d 789, lv dismissed 67 NY2d 656; see also, People v Williams, 132 AD2d 634). Moreover, the defendant unequivocally acknowledged that he wished to plead guilty, in satisfaction of several multicount indictments and informations, in order to avoid exposure to a substantial prison term. Thus, vacatur of his guilty pleas is not warranted under the circumstances.

The record further belies the defendant's contention that the Supreme Court reneged on its sentencing promise. The transcript of the sentencing proceeding reveals that the Supreme Court revised the terms of its original promise to incorporate the defendant's plea to an indictment which was handed down while the defendant was free on bail, pending sentencing. The defendant expressly agreed to the "revised" promise and was sentenced accordingly.

We find that the defendant was not deprived of the effective assistance of counsel. The defendant, upon the advice of counsel, reaped the benefits of an extremely favorable plea bargain (see, People v Gale, 130 AD2d 588).

The defendant's motion pursuant to CPL 440.10 was properly denied since he did not set forth sufficient facts to entitle him to a hearing or to any postjudgment relief (see, People v Satterfield, 66 NY2d 796).

We have examined the defendant's remaining contentions, including those raised in his pro se supplemental brief, and find them to be without merit. Mollen, P. J., Lawrence, Eiber and Balletta, JJ., concur.