■ In the Matter of BRIAN OO., Alleged to be a Juvenile Delinquent, Appellant. ROBERT A. SMITH, as Rensselaer County Attorney, Respondent.—Mercure, J.

Following plea negotiations, respondent entered an admission of acts which, if done by an adult, would have constituted the crime of sexual abuse in the third degree, was adjudicated a juvenile delinquent and was placed on probation for a period of two years. Respondent now appeals. There must be a reversal. It is undisputed that in accepting respondent's admission, Family Court failed to comply with the provisions of Family Court Act § 321.3. Specifically, Family Court did not advise respondent on the record of his right to a fact-finding hearing and did not ascertain through allocution that respondent committed the acts for which he entered the admission, that respondent voluntarily waived his right to a fact-finding hearing or that respondent was aware of possible dispositional orders *(see,* Family Ct Act § 321.3 [1]).

We reject petitioner's contention that the error was harmless since respondent was aware of his right to a fact-finding hearing was accompanied by his parents and represented by a Law Guardian who participated in and did not object to the admission allocution, and, further, because there was no genuine issue as to respondent's guilt. The provisions of Family Court Act § 321.3 may not be waived and compliance is mandatory *(see, Matter of Mark S.,* 144 AD2d 1010; *Matter of Walker,* 144 AD2d 306; *Matter of Tina P.,* 135 AD2d 1105; *Matter of Corey L.,* 133 AD2d 153; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 321.3, at 386). Since Family Court's fact-finding and dispositional orders must be vacated, we need not consider the alternative contention that Family Court abused its discretion

in denying respondent's motion to substitute a finding that he is a person in need of supervision.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this court's decision. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.