■ In the Matter of EDGAR Q., Alleged to be a Juvenile Delinquent. RENSSELAER COUNTY ATTORNEY'S OFFICE, Respondent; EDGAR Q., Appellant.— Levine, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered June 28, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was charged in a three-count delinquency petition with conduct which, if committed by an adult, would have constituted the crimes of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree. As the result of subsequent plea negotiations, respondent entered an admission to acts which, if committed by an adult, would have constituted criminal trespass and petit larceny. Consequently, respondent was adjudicated a juvenile delinquent and, on May 15, 1991, placed in the custody of the Department of Social Services for placement for a period of one year. This appeal by respondent ensued.

Respondent's sole contention on appeal is that the admission allocution was fatally defective because Family Court failed to comply with Family Court Act § 321.3 (1), the provisions of which are nonwaivable *(see,* Family Ct Act § 321.3 [1]; *Matter of Tina P.,* 135 AD2d 1105, 1106). We agree. In accepting respondent's admission, Family Court did not advise respondent of his right to a fact-finding hearing, nor did the court ascertain through adequate allocution of respondent and his mother, who was present at the proceeding, that respondent committed the acts for which he entered the admission, that he voluntarily waived his right to a fact-finding hearing or that he was aware of the possible dispositional orders *(see,* Family Ct Act § 321.3 [1]; *Matter of Brian OO.,* 158 AD2d 816). The record indicates that the court simply asked respondent whether he admitted or denied that he committed acts which, if committed by an adult, would have constituted criminal trespass and petit larceny, to which respondent replied, "I admit it." Although respondent stated that he had spoken to his Law Guardian and his mother, no further inquiry was made by Family Court prior to acceptance of respondent's admission. Under these circumstances, reversal is warranted *(see, Matter of Brian OO., supra; Matter of Paul H.,* 154 AD2d 943; *Matter of Corey L.,* 140 AD2d 609). Because respondent's placement period has terminated, however, remittal would be inappropriate and the petition should be dismissed *(see, Matter of Mark S.,* 144 AD2d 1010; *Matter of Wayne D.,* 141 AD2d 823; *Matter of Corey L., supra).*

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.