■ In the Matter of HERBERT TT., a Child Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY, Respondent. [597 NYS2d 194] —Mikoll, J. Appeals from two orders of the Family Court of Rensselaer County (Perkinson, J.), entered June 1, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In a juvenile delinquency petition, respondent, then age 12, together with three other juveniles, was charged with using a slingshot and rocks to damage several windows at apartment buildings in the City of Troy, Rensselaer County, owned by the Troy Housing Authority, causing damage in excess of $250. The petition was supported by 10 eyewitness depositions, including that of respondent. The conduct charged would constitute the crime of criminal mischief in the third degree, a class E felony, if committed by an adult.

As the result of a plea bargain, respondent, with the acquiescence of both his mother and his Law Guardian, voluntarily entered a plea of guilty to criminal mischief in the fourth degree. The plea was accepted on the condition that another pending petition be adjourned for six months in contemplation of dismissal and that respondent make restitution of one

fourth of the total damages of $2,104, i.e., $526. At a subsequent dispositional hearing respondent was adjudicated a juvenile delinquent, sentenced to a two-year period of supervised probation and ordered to pay restitution of $524 (an apparent inadvertent error of $2). These appeals followed.

Initially, we note that the appeal from the fact-finding order must be dismissed as it is from a nonappealable interim order which will be reviewed upon the accompanying appeal from the dispositional order (see, Matter of Discenza v Dann OO., 148 AD2d 196, 197-198, appeal dismissed 75 NY2d 765; see also, Matter of Menaldino v Mark UU., 141 AD2d 265, 267).

Respondent's first contention that the petition is jurisdictionally defective because it does not set forth sufficient nonhearsay allegations to establish that respondent did not own the property that was damaged, a necessary element of the crime charged (see, Penal Law § 145.05) as required by Family Court Act § 311.2 (3), is rejected. The petition alleges that respondent damaged Troy Housing Authority property and his deposition admits that his address is at another location. Sufficient facts are alleged to support the conclusion that respondent is not an owner of the Troy Housing Authority property he damaged. Thus, the petition is not jurisdictionally defective (cf., Matter of Edward B., 80 NY2d 458; see, Matter of David T., 75 NY2d 927).

However, respondent's next argument, that reversal is required because the allocution conducted on the taking of his admission before Family Court did not comply with the requirements of Family Court Act § 321.3 (1), is meritorious. The record clearly demonstrates that Family Court failed to advise respondent of his right to a fact-finding hearing or to ascertain from either respondent, his mother or his Law Guardian, who were then present before the court, that respondent had actually committed the acts to which he was admitting, that he voluntarily waived his right to a fact-finding hearing or that he was aware of the possible specific dispositional orders (see, Family Ct Act § 321.3 [1]). Therefore, the dispositional order should be reversed and the matter remitted to Family Court for further proceedings (see, Matter of Edgar Q., 185 AD2d 432; Matter of Brian OO., 158 AD2d 816).

We find it unnecessary to address respondent's remaining claim, that Family Court committed reversible error by failing to independently determine the amount to be paid in restitution and by neglecting to direct the manner in which the payments were to be made, in view of the disposition ordered herein.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the appeal from the fact-finding order of Family Court is dismissed. Ordered that the order of disposition is reversed, on the law, with costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.