■ In the Matter of BRI-HILL GARDENS, INC., Doing Business as BELLMORE FEED, Respondent, v JOSEPH N. MONDELLO et al., Appellants. [614 NYS2d 279] —Appeal from a judgment of the Supreme Court, Nassau County (Becker, J.), entered October 8, 1992.

Ordered that the judgment is affirmed, with costs, for the reasons stated by Justice Becker at the Supreme Court. Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.

■ In the Matter of ANTHONY D., a Person Alleged to be a Juvenile Delinquent, Appellant. [614 NYS2d 279] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearce, J.), entered March 23, 1992, which, upon a fact-finding order of the same court, dated February 3, 1992, made upon the appellant's admission, finding that he had committed acts which, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period not to exceed 12 months. The appeal brings up for review the fact-finding order dated February 3, 1992.

Ordered that the order of disposition is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

As correctly conceded by the Corporation Counsel, the allocution which resulted in the appellant's admission that he had committed acts which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree, was legally deficient because the Family Court failed to apprise the appellant of the consequences of waiving his rights, including all possible dispositional alternatives *(see,* Family Ct Act § 321.3 [1]; *Matter of Shawn D.,* 179 AD2d 755; *Matter of Corey L.,* 133 AD2d 153). Reversal is, therefore, mandated. Moreover, since the appellant's placement period has terminated, we see no benefit to be gained from a remittitur for a new fact-finding determination *(see, Matter of Corey L.,* 140 AD2d 609). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.