■ In the Matter of JUSTIN ZZ., a Person Alleged to be a Juvenile Delinquent, Appellant. WILLIAM F. MAGINN, as St. Lawrence County Attorney, Respondent. [624 NYS2d 674] —White, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered March 22, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Based upon his admission to acts which, if committed by an adult, would have constituted the crime of petit larceny, respondent was adjudicated a juvenile delinquent. Following a dispositional hearing, he was placed in a State Division for Youth title III facility for one year. He now appeals.

Respondent maintains there should be a reversal because the admission allocution did not comport with the requirements of Family Court Act § 321.3 (1). Specifically, he claims that his recitation did not establish that he committed the crime of petit larceny since it did not provide proof that he acted with the requisite intent. We disagree since respondent's intent to deprive another of property or to appropriate the same to himself can be inferred from his admission that he went into Ames Department Store in the City of Ogdensburg, St. Lawrence County, and, without having obtained permission to do so, placed a packet of playing cards and a package of hair dye in his pants pockets and passed by the cash register without paying for the items (see, People v Olivo, 52 NY2d 309, 320, n 8).

Respondent next argues that, in the face of his statement that he was "high" from his use of illegal drugs, Family Court should not have accepted his admission without making further inquiry to determine whether he was knowingly waiving the defense of intoxication. Again, we disagree since respondent's detailed recitation of the events surrounding the commission of the crime, and his acknowledgement that "I think I knew what I was doing", establish that he was fully aware of what was occurring and what he was doing (see, People v Bruno, 147 AD2d 490; People v Paterno, 141 AD2d 771, lv denied 72 NY2d 1048; People v Santana, 110 AD2d 789, lv dismissed 67 NY2d 656; compare, People v Simone, 179 AD2d 694; People v Zeth, 148 AD2d 960).

We also reject respondent's claim that Family Court failed to insure that he was aware of all possible dispositions since Family Court reviewed each disposition set forth in Family Court Act § 352.2 and engaged in a colloquy with respondent

regarding various dispositions *(see, Matter of Sarah HH.,* 203 AD2d 732).

Turning next to the order of disposition, Family Court was mandated to place respondent in the least restrictive available alternative that was consistent with his needs and best interest and the need for protection of the community *(see,* Family Ct Act § 352.2 [2]). The record shows that respondent is an incorrigible and ungovernable youth over whom his mother has no control and who has not benefited from foster care due to his refusal to cooperate in treatment and to accept responsibility for his actions. It is also apparent that respondent's continued abuse of alcohol and illegal drugs poses a risk to others as he is prone to engage in antisocial behavior while under the influence of these substances. In light of this history, the Probation Department and the other professionals who evaluated respondent recommended that he be placed in a secure facility. Thus, on this record there is no basis to conclude that Family Court abused its discretion in placing respondent in a title III facility *(see, Matter of Shawn V.,* 195 AD2d 796).

For these reasons, we affirm.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.