■ In the Matter of HERBERT RR., a Person Alleged to be a Juvenile Delinquent, Appellant. ROBERT A. SMITH, as Rensselaer County Attorney, Respondent. [625 NYS2d 362] —Yesawich Jr., J. Appeals from two orders of the Family Court of Rensselaer County (Hummel, J.), entered January 18, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

After an altercation between respondent and two Rensselaer County Sheriff's Deputies who were attempting to arrest him, respondent was charged with conduct which, if committed by an adult, would have constituted assault in the second degree, a class D felony, and resisting arrest, a class A misdemeanor. Pursuant to the terms of a counseled plea bargain, respondent admitted resisting arrest in full satisfaction of the petition. Residential placement had been agreed upon and was ordered, but when it was learned that no facility would accept respondent, he agreed to be placed with the Division for Youth.

The only issue needing discussion is whether Family Court failed to comply with the statutory prerequisites relating to the acceptance of an admission (see, Family Ct Act § 321.3 [1]).* Though respondent was told, at his initial appearance, that an admission or finding of guilt could result in his being "placed outside the home", he was not made aware of any dispositional possibilities at the time of his admission, nor was he ever told the exact nature of such placement or its possible duration. Respondent and his mother—who had not been present at respondent's prior court appearance—should have been apprised of the range of possible dispositional alternatives before Family Court accepted the admission. Under these circumstances, reversal is mandated (see, Matter of Anthony D., 205 AD2d 533; Matter of Herbert TT., 192 AD2d 916, 917, supra; Matter of Brian OO., 158 AD2d 816). Inasmuch as respondent has completed the period of placement, dismissal of the petition is warranted (see, Matter of Edgar Q., 185 AD2d 432, 433).

Cardona, P. J., Crew III and White, JJ., concur.

Casey, J. (dissenting). In a case where a respondent enters an admission after waiving the fact-finding hearing and the matter proceeds to a dispositional hearing to determine the appropriate disposition, there are a number of possible specific dispositional orders (see, Family Ct Act § 352.2 [1]). Accordingly, before consenting to entry of an admission in such a case, Family Court must ascertain that the respondent is aware of all possible dispositional alternatives (see, Family Ct Act § 321.3 [1]; Matter of Anthony D., 205 AD2d 533). In this case, however, respondent waived not only the fact-finding hearing but also the dispositional hearing, and the plea bargain included an agreement by respondent, his parent and his counsel as to the specific disposition to be imposed upon entry of the plea. There was only one "possible specific dispositional order" within the meaning of Family Court Act § 321.3 (1). It is irrational, in my view, to require Family Court to inform respondent of other dispositions which are authorized by statute but will not be imposed because the specific disposition to be imposed on respondent is included in the plea bargain. The record establishes that respondent was fully aware of his right to both a fact-finding hearing and a dispositional hear-

---

* To the extent that respondent's notice of appeal is from the fact-finding order, the appeal must be dismissed (see, Matter of Herbert TT., 192 AD2d 916, 917). The merits of that order, however, will be addressed in the appeal from the dispositional order.

ing, and that he was also aware of the agreed-upon disposition. Accordingly, the requirements of Family Court Act § 321.3 (1) were satisfied. Ordered that the appeal from the fact-finding order is dismissed, without costs. Ordered that the dispositional order is reversed, on the law, without costs, and petition dismissed.