█ In the Matter of TIMOTHY M., a Person Alleged to be a Juvenile Delinquent, Appellant. THOMAS HAYNOR, as Schenectady County Attorney, Respondent. (And Another Related

Proceeding.) [639 NYS2d 182] —Crew III, J.

By two petitions verified December 28, 1994, respondent was charged with committing acts which, if committed by an adult, would constitute the crimes of petit larceny, burglary in the third degree and grand larceny in the fourth degree. Following respondent's initial appearance and arraignment, he appeared before Family Court with his Law Guardian and informed the court that he had decided to accept a plea bargain and pleaded guilty to petit larceny in satisfaction of both petitions. Family Court accepted this plea following a colloquy with respondent, and a dispositional hearing was held. Family Court ultimately adjudicated respondent to be a juvenile delinquent and ordered that he be placed with the Division for Youth for one year in a limited secure facility. This appeal ensued.

Respondent's sole argument on appeal is that the admission allocution was fatally defective because Family Court failed to completely comply with Family Court Act § 321.3 (1), the provisions of which are nonwaivable (see, Matter of Edgar Q., 185 AD2d 432, 433). We agree. The record reveals that Family Court failed to ascertain at the allocution that respondent was voluntarily waiving his right to a fact-finding hearing (see, Family Ct Act § 321.3 [1] [b]; see also, Matter of Herbert TT., 192 AD2d 916, 917). Further, respondent was not asked at the allocution whether he was aware of the possible specific dispositional orders that could be imposed (see, Family Ct Act § 321.3 [1] [c]; see also, Matter of Herbert RR., 214 AD2d 891, 892). Accordingly, we conclude that reversal is warranted and, inasmuch as respondent's placement period has terminated, the petitions should be dismissed (see, Matter of Edgar Q., supra, at 433).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petitions dismissed.