■ In the Matter of DUANE D., a Person Alleged to be in Need of Supervision, Appellant. [662 NYS2d 582] —In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of fact-finding and disposition of the Family Court, Rockland County (Stanger, J.), dated July 6, 1994, which, upon the Law Guardian's partial admissions, Adjudged the appellant to be a person in need of supervision and placed him in the custody of the Department of Social Services for a period of 18 months for the purpose of being placed with the Children's Home of Kingston.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is dismissed.

We agree with the appellant's contention that the proceeding was so deficient as to render void the determination that he was a person in need of supervision. The record shows that the partial admissions to the allegations contained in the petition were made by the Law Guardian and not the appellant. Although the Law Guardian stated that she was making the admissions "after speaking to [the appellant]", the record shows that the court never ascertained through allocution that the appellant admitted committing the acts alleged in the petition, that he voluntarily waived his rights to a fact-finding hearing, and that he was aware of the possible dispositional alternatives. Accordingly, the court should not have accepted the admissions (see, Matter of Anthony D., 205 AD2d 533; Matter of Shawn D., 179 AD2d 755; Matter of Paul H., 154 AD2d 943; Matter of Corey L., 133 AD2d 153; Matter of Diallo H., 94 AD2d 976; Matter of Kelly Sue N., 94 AD2d 976).

However, since the appellant's placement period has terminated, the petition is dismissed, as remitting the matter for a new fact-finding determination is unnecessary (see, Matter of Anthony D., supra). Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.