■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. FARNHAM, Appellant. (Appeal No. 1.) [678 NYS2d 760] —Judgment unanimously affirmed. Memorandum: County Court properly accepted defendant's separately entered pleas of guilty to the crimes of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and assault in the second degree (Penal Law § 120.05 [3]). Contrary to defendant's contention, the court was not required to make further inquiry regarding the potential defense of intoxication. Defendant's recitation of the events underlying the distinct crimes did not cast significant doubt upon defendant's guilt of each crime (see, People v Lopez, 71 NY2d 662, 666). While defendant stated that he was "totally drunk" when he committed the offenses, he did not state that he was unable to recall what happened (cf., People v Simone, 179 AD2d 694), and his factual colloquy established that he knew exactly what he was doing (see, People v Maida, 147 AD2d 711, 712, lv denied 74 NY2d 849). The record establishes that his comments regarding drinking were "designed to elicit the court's sympathy and [were] not an assertion of innocence on the ground that he lacked the requisite intent due to intoxication" (People v Bruno, 147 AD2d 490). Moreover, defendant accepted the plea bargain to avoid exposure to a greater term of incarceration (see, People v Paterno, 141 AD2d 771, 772, lv denied 72 NY2d 1048). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.