not support her conviction. The People's expert in pharmacology could not determine whether defendant's driving was affected; the investigator who interviewed defendant after the accident saw no signs of drug use; defendant was acquitted of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) and related charges of vehicular manslaughter in the second degree (Penal Law § 125.12 [1], [2]) and vehicular assault in the second degree (Penal Law § 120.03 [1], [2]); and there is no proof that the use of cocaine by defendant caused her to drive carelessly (see, People v Beiter, 77 AD2d 214; People v Lewis, 53 AD2d 963; see also, People v Holt, 109 AD2d 174, 177, lv denied 66 NY2d 615). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Criminally Negligent Homicide.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. FARNHAM, Appellant. (Appeal No. 1.) [678 NYS2d 760] —Judgment unanimously affirmed. Memorandum: County Court properly accepted defendant's separately entered pleas of guilty to the crimes of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and assault in the second degree (Penal Law § 120.05 [3]). Contrary to defendant's contention, the court was not required to make further inquiry regarding the potential defense of intoxication. Defendant's recitation of the events underlying the distinct crimes did not cast significant doubt upon defendant's guilt of each crime (see, People v Lopez, 71 NY2d 662, 666). While defendant stated that he was "totally drunk" when he committed the offenses, he did not state that he was unable to recall what happened (cf., People v Simone, 179 AD2d 694), and his factual colloquy established that he knew exactly what he was doing (see, People v Maida, 147 AD2d 711, 712, lv denied 74 NY2d 849). The record establishes that his comments regarding drinking were "designed to elicit the court's sympathy and [were] not an assertion of innocence on the ground that he lacked the requisite intent due to intoxication" (People v Bruno, 147 AD2d 490). Moreover, defendant accepted the plea bargain to avoid exposure to a greater term of incarceration (see, People v Paterno, 141 AD2d 771, 772, lv denied 72 NY2d 1048). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Attempted Burglary, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR J. FARNHAM, Appellant. (Appeal No. 2.) [678 NYS2d 760] —Judgment unanimously affirmed. Same Memorandum as in

*People v Farnham* (254 AD2d 767 [decided herewith]). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Assault, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.

■ The People of the State of New York, Respondent, v Quentin Fair, Appellant. [678 NYS2d 759] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Defendant contends that County Court erred in failing to charge the affirmative defense that the weapon was inoperable. By failing to request that charge, defendant has failed to preserve his present contention for our review (*see,* CPL 470.05 [2]; *People v Huynh,* 223 AD2d 463, *lv denied* 88 NY2d 849). In any event, defendant chose to pursue the defense of duress at trial, and the *sua sponte* delivery of a charge on the affirmative defense of inoperability would have been "highly improper because of possible interference with defense strategy" (*People v Huynh, supra,* at 464; *see also, People v Baker,* 209 AD2d 293, 294, *lv denied* 84 NY2d 1028; *People v Maldonado,* 175 AD2d 698; *see generally, People v Bradley,* 88 NY2d 901, 903).

The court did not abuse its discretion in refusing to impose a sanction upon the People as a result of the failure of the police to follow the procedure set forth in Penal Law § 450.10 before returning the stolen property to the victim. Defendant failed to demonstrate any prejudice resulting from that failure (*see, People v Kelly,* 62 NY2d 516, 520-521; *People v Byron,* 171 AD2d 802, 803). We reject the remaining contention of defendant that cumulative error deprived him of a fair trial. (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.

■ The People of the State of New York, Respondent, v Roy B. Highsmith, Appellant. [679 NYS2d 758] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contentions that County Court committed reversible error in submitting an annotated verdict sheet to the jury and that the court abused its discretion in closing the courtroom during the testimony of an undercover officer (*see, People v Highsmith,* 248 AD2d 961, *lv denied* 91 NY2d 1008). The contentions of defendant that he was denied effective assistance of counsel and a fair trial as a result of prosecutorial misconduct likewise lack merit. We further conclude that the sentence is neither unduly harsh nor severe.