■ In the Matter of JAMES D. H., a Person Alleged to be a Juvenile Delinquent, Appellant. [678 NYS2d 125] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Koenig, J.), dated July 3, 1997, which, upon a

fact-finding order of the same court, dated May 5, 1997, made upon the appellant's admission, finding that he committed an act which, if committed by an adult, would constitute the crime of criminal trespass in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period of 12 months.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the proceeding is dismissed.

We conclude that reversal is required. The Family Court failed to ascertain whether the appellant was aware at the time of his admission of the "possible specific dispositional orders" that the court might issue in his case (Family Ct Act § 321.3 [1]). Nor was he told the exact nature of the placement contemplated by the court or its possible duration (see, Matter of LeJuane S., 247 AD2d 481; Matter of Melvin A., 216 AD2d 227; Matter of Herbert RR., 214 AD2d 891). In addition, the court failed to advise the appellant of his right to a fact-finding hearing (see, Matter of Delmar C., 207 AD2d 998), and failed to obtain a proper allocution from the appellant's mother, who was present in the court, in accordance with Family Court Act § 321.3 (1) (see, Matter of LeJuane S., supra; Matter of Shantique F., 223 AD2d 590).

Inasmuch as the appellant has completed the period of placement, dismissal of the petition is warranted (see, Matter of Herbert RR., 214 AD2d 891; Matter of Corey L., 140 AD2d 609).

In view of our determination, we need not reach the appellant's remaining contention. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.