■ In the Matter of TIFFANY MM., a Person Alleged to be a Juvenile Delinquent, Appellant. ASSISTANT FRANKLIN COUNTY ATTORNEY, Respondent. [748 NYS2d 625] —Peters, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered October 1, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Pursuant to Family Ct Act article 3, petitioner commenced a proceeding by petition dated June 1, 2001 alleging that respondent engaged in acts towards her foster care caseworker which, if committed by an adult, would constitute the crimes of attempted assault in the third degree and endangering the welfare of a child. After respondent appeared before Family Court and entered a general denial, the proceeding was twice adjourned. Before respondent's next appearance, a second petition was filed, pursuant to Family Ct Act article 3, alleging that her conduct of causing damage to property at a police station would, if committed by an adult, constitute the crime of criminal mischief in the fourth degree.

When respondent next appeared with her Law Guardian and her foster mother, Family Court was informed that respondent was willing to offer an admission to the criminal mischief petition in satisfaction of both petitions. Addressing respondent, the court asked whether it was her desire to admit to the following: "the allegations of petition bearing docket number [D-1589-2001], and that as a consequence of such conduct, were you an adult, it would constitute the crime of criminal mischief in the fourth degree, a class A misdemeanor, and that, as such, you are a juvenile delinquent?" Respondent acknowledged that it was her intention to admit to the charges and confirmed that she had not been forced, threatened or coerced to offer the admission. In accordance with Family Ct Act § 321.3, the court advised her of her right to a fact-finding hearing which would be waived by such admission and that a predispositional report would be considered in the dispositional phase. Finally, the court advised respondent that there were

numerous dispositional options that it could exercise, which included a suspension of judgment, one year of supervision by probation, custody to the Franklin County Commissioner of Social Services, who would decide where she would live for the next 12 months, or out of home placement with the Office of Children and Family Services. Confirming her understanding of the aforementioned options, the court accepted the admission, a finding of delinquency was made, and respondent was placed under the interim supervision of the Department of Probation. After the dispositional hearing, Family Court adjudged respondent to be a juvenile delinquent and placed her in the custody of the Office of Children and Family Services for a period of 12 months, terminating September 20, 2002. Respondent now appeals.

Initially, we reject any contention challenging the legal sufficiency of the petition alleging the crime of criminal mischief in the fourth degree for a failure to have specifically established that respondent did not own the property that was damaged (*see* Penal Law § 145.00 [1]). The supporting deposition of the arresting police officer, Christopher Premo, fully details that respondent was alone in a room in the police station when a framed document hanging on the wall was knocked off and smashed. Respondent thereafter admitted to Premo that she purposefully broke it. With such an admission constituting competent evidence against respondent (*see People v Chico*, 90 NY2d 585, 589), and the police ownership of the damaged document beyond conjecture (*see Matter of Herbert TT.*, 192 AD2d 916, 917), we are satisfied that there exists no jurisdictional defect.

We agree, however, with respondent's assertion that Family Court failed to properly comply with the requirements of Family Ct Act § 321.3. It is axiomatic that it is the court's obligation to ascertain, by a proper allocution, that respondent committed the acts for which the admission is entered (*see Matter of Edgar Q.*, 185 AD2d 432, 433; *Matter of Brian OO.*, 158 AD2d 816, 816; *see also Matter of Delmar C.*, 207 AD2d 998, 998; *compare Matter of Justin ZZ.*, 214 AD2d 816, 816). This is especially pivotal where, as here, there were two pending petitions. Furthermore, Family Court should have engaged in a colloquy with respondent's foster mother as to her understanding of those rights that respondent would be waiving as a result of her admission (*see* Family Ct Act § 321.3 [1]; *Matter of Allen R.*, 214 AD2d 800, 801; *Matter of Herbert TT., supra* at

917; *see also Matter of Shantique F.*, 223 AD2d 590, 591).* As the provisions of Family Ct Act § 321.3 (1) cannot be waived (*see Matter of Edgar Q., supra* at 433), the order entered must be reversed. Because respondent's placement period has expired, dismissal of the petition, rather than remittal, is required (*see Matter of Timothy M.*, 225 AD2d 915, 916; *Matter of Edgar Q., supra* at 433).

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

---

* Family Court should also have advised respondent of the range of dispositional alternatives (*see Matter of Herbert RR.*, 214 AD2d 891, 892).