In the Matter of JOSHUA HH., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Assistant County Attorney, Respondent. [751 NYS2d 329] —Lahtinen, J. Appeal from an order of the Family Court of Franklin County (Lawliss, J.), entered October 30, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, inter alia, to adjudicate respondent a juvenile delinquent.

On June 5, 2001, respondent appeared before Family Court (McGill, J.) for a fact-finding hearing regarding various property he had purportedly stolen. He admitted to acts which, if committed by an adult, would have constituted petit larceny and, thus, was adjudicated a juvenile delinquent. Petitioner indicated at the hearing that he would recommend a term of probation. Following a series of adjournments, Family Court conducted a dispositional hearing on October 1, 2001 and ordered respondent placed with the Office of Children and Family Services for one year. Respondent appeals.

Respondent contends that he was not adequately informed by Family Court at the fact-finding hearing about the possible specific dispositions. Review of the record confirms respondent's contention. Family Ct Act § 321.3 (1) requires, in relevant part, that "[t]he court shall also ascertain through allocution of the respondent and his parent or other person legally responsible for his care, if present, that * * * (c) he is aware of the possible specific dispositional orders." We have previously held that this "statute's requirements in juvenile delinquency proceedings are mandatory and nonwaivable" (Matter of Florence V., 222 AD2d 991, 992). Failure to follow the statute requires reversal (see id.; Matter of Herbert RR., 214 AD2d 891, 892). Family Court discussed with respondent only the possibility of probation, which was not the disposition ultimately imposed. Moreover, although respondent's mother was present in the courtroom, no allocution with her at the fact-finding hearing appears in the record (see Matter of LeJuane S., 247 AD2d 481, 482; Matter of Melvin A., 216 AD2d 227, 228). Hence, Family Court's order must be reversed.

Since respondent reportedly completed, on September 30,

2002, the period of placement pursuant to the order being reversed herein, dismissal of the petition is warranted (*see Matter of Timothy M.*, 225 AD2d 915, 916; *Matter of Edgar Q.*, 185 AD2d 432, 433). In light of our decision, it is not necessary to address respondent's remaining arguments.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.