In the Matter of BARRY H., a Person Alleged to be a Juvenile Delinquent, Appellant. JONATHAN C. WOOL, as Assistant Franklin County Attorney, Respondent. (And Another Related Proceeding.) [807 NYS2d 440]—

Mugglin, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered March 1, 2005, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

At respondent's initial appearance in Family Court, petitioner

advised the court that he and respondent's Law Guardian had arrived at a stipulation of settlement pursuant to which respondent would admit the allegations of a juvenile delinquency petition (involving damage to an interior wall in his mother's house) in full satisfaction of that petition, a second juvenile delinquency petition (involving damage to a school bus door), a person in need of supervision petition and an uncharged allegation of sexual abuse. Furthermore, it was agreed that subject to the court's approval, the order of disposition would include restitution for the school bus door damage and counseling with respect to the sexual abuse allegation, but that no commitment with respect to the further terms of the order of disposition had been made. Then, the Law Guardian stated that respondent would admit: "to D-1369-04 in that on or about July 15th, 2004 at 3:50 A.M. at Bangor in the County of Franklin, New York, he having no right to do so nor any reasonable ground to believe that he had the right, he intentionally damaged property of another person, to wit: on the aforementioned time, date and place he did punch interior wall at his residence belonging to his mother . . . [and] damaged the wall by putting a large hole in the same."

Thereafter, the Law Guardian recited that the admission would satisfy the bus door incident, the person in need of supervision petition and the potential sexual abuse incident. Family Court then asked respondent a single question, "Is it your desire to admit and do you admit the conduct that [the Law Guardian] has just placed on the record?" Respondent replied, "Yes." Respondent was adjudicated a juvenile delinquent and, following a dispositional hearing, Family Court ordered, among other things, that respondent be placed in the care of the Franklin County Department of Social Services for a period of one year. Respondent appeals.

Respondent first contends that Family Court failed to adequately ascertain through allocution whether he committed the acts to which he was entering an admission. We agree. To satisfy the requirements of Family Ct Act § 321.3 (1) (a), Family Court must elicit a sufficient factual basis to support respondent's admission (*see Matter of Eric CC.*, 298 AD2d 632, 633 [2002]; *Matter of Justin ZZ.*, 214 AD2d 816, 816 [1995]; *Matter of Allen R.*, 214 AD2d 800, 800 [1995]; *see also Matter of Michael J.*, 267 AD2d 126 [1999], *lv denied* 94 NY2d 762 [2000]; *Matter of Delmar C.*, 207 AD2d 998, 998 [1994]). It is insufficient for respondent to simply acknowledge an intention to admit to the allegations that are contained in the petition (*see Matter of Tiffany MM.*, 298 AD2d 728, 728-729 [2002]; *Matter of*

*Edgar Q.*, 185 AD2d 432, 433 [1992]; *Matter of Brian OO.*, 158 AD2d 816, 816 [1990]). Moreover, this requirement is all the more pivotal (*see Matter of Tiffany MM., supra* at 729) where multiple petitions are pending and where, as part of the order of disposition, Family Court ordered that restitution be paid by respondent for the repair of damage to the school bus door, an act which respondent did not admit to committing.

We reject petitioner's argument that this issue has not been preserved for our review because respondent did not appeal from the fact-finding order. No appeal as of right lies from an order of fact-finding in a juvenile delinquency petition (*see* Family Ct Act § 1112 [a]; *Matter of Jason FF.*, 224 AD2d 900, 900 [1996]) and, in any event, respondent's appeal from the dispositional order permits him to challenge the fact-finding order (*see Matter of Michael H.*, 239 AD2d 618, 619 [1997]). We also reject petitioner's alternative argument that respondent's consent to the entry of the fact-finding order precludes judicial review. His admission does not foreclose judicial review of the issue of Family Court's allocution (*see Matter of Edgar Q., supra* at 432-433).

Crew III, J.P., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Franklin County for further proceedings not inconsistent with this Court's decision.