■ In the Matter of ROBERT OO., a Person Alleged to be a Juvenile Delinquent, Appellant. SULLIVAN COUNTY ATTORNEY, Respondent. [824 NYS2d 693]—

Cardona, P.J. Appeal from an order of the Family Court of Sullivan County (Ledina, J.), entered October 3, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was adjudicated a juvenile delinquent based upon his admission to committing an act which, if committed by an adult, would constitute the crime of resisting arrest. Following a dispositional hearing on September 30, 2005, Family Court

ordered respondent placed in the care and custody of the Office of Children and Family Services for a period of one year. This appeal by respondent ensued.*

Respondent correctly contends that the allocution was defective because Family Court did not inform him and his mother of the "possible specific dispositional orders" prior to accepting respondent's admission (Family Ct Act § 321.3 [1] [c]). Family Court made some statements about its general power to decide, among other things, what would happen to respondent, but did not discuss, as required, specific dispositional alternatives, nor the nature or duration of any placement (see Family Ct Act § 321.3 [1] [c]; *Matter of Timothy M.*, 225 AD2d 915, 916 [1996]; *Matter of Herbert RR.*, 214 AD2d 891, 892 [1995]). Moreover, no exchange between the court and respondent's mother appears in the record (see *Matter of Joshua HH.*, 299 AD2d 760 [2002]; *Matter of Tiffany MM.*, 298 AD2d 728, 729-730 [2002]). Inasmuch as the provisions of Family Ct Act § 321.3 (1) are mandatory and cannot be waived (see *Matter of Joshua HH.*, supra at 760; *Matter of Florence V.*, 222 AD2d 991, 992 [1995]; *Matter of Brian OO.*, 158 AD2d 816 [1990]), the order must be reversed. Furthermore, because respondent's placement period has expired, dismissal of the petition, rather than remittal, is warranted (see *Matter of Tiffany MM.*, supra at 730). In view of the foregoing, we need not address respondent's remaining contentions.

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

* To the extent that petitioner contends that the appeal is untimely, the record establishes that the appeal was taken within 35 days after the order of fact finding and disposition was mailed to respondent by the Clerk of the court and was, therefore, timely (see Family Ct Act § 1113).