■ In the Matter of TRAVIS TT., a Person Alleged to be a Juvenile Delinquent. GLEN ROSENSTEIN, as Assistant County Attorney of Sullivan County, Respondent; TRAVIS TT., Appellant. [849 NYS2d 712]—

Kavanagh, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered June 11, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

On the morning of August 14, 2006, respondent, a resident of the Berkshire Farm Center and Services for Youth in Columbia County,[1] left the facility with two other residents and, the following day, was listed by the facility as absent without leave (hereinafter AWOL). Respondent and the two residents stole a car and used it to drive from Berkshire Farm to the City of Binghamton, Broome County. On August 16, 2006, the three individuals were taken into custody, and a petition was filed alleging that respondent engaged in acts which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree, unauthorized use of a motor vehicle in the third degree and criminal mischief in the fourth degree.

On November 15, 2006, respondent appeared before Columbia County Family Court (Czajka, J.) and admitted to committing acts which, if committed by an adult, would constitute the crimes of unauthorized use of a motor vehicle in the third degree and criminal mischief in the fourth degree and signed an admis-

---

**1.** In June 2005, respondent was adjudicated a person in need of supervision and placed in the custody of the Commissioner of Family Services in Sullivan County.

sion statement. Pending transfer of the proceeding to Sullivan County for disposition, respondent again went AWOL and missed several court conferences. A warrant was subsequently issued for his arrest. After being taken into custody, respondent was produced in Sullivan County Family Court on June 7, 2007, and an order was issued placing him with the Office of Children and Family Services for a period of up to 12 months, the first 90 days of which was to be served in a secure facility. Respondent now appeals.

Family Court failed to comply with the requirements of Family Ct Act § 321.3 (1), which specifically requires that before consenting to the entry of an admission by a juvenile that he or she engaged in a prohibited activity, the court must ascertain, among other things, that respondent "is aware of the possible specific dispositional orders" that may result from the proceeding. Simply asking respondent if he understood that he "could be placed for another year" did not amount to a proper discussion, as required, of specific dispositional alternatives that might have been issued in this matter (*see Matter of Robert OO.*, 34 AD3d 1074 [2006]; *Matter of Timothy M.*, 225 AD2d 915 [1996]). Moreover, Family Ct Act § 321.3 also requires that the court, when taking an allocution of a juvenile, also inquire of "his [or her] parent or other person legally responsible for his [or her] care, if present," if that person also fully understands the legal consequences necessarily attendant to such an admission. While respondent's parents were not present, a representative of Berkshire Farm was in court during the allocution, and was at that time legally responsible for respondent's care. As such, its representative should have been questioned to insure that he fully understood the legal implications of respondent's allocution (*see Matter of Joshua HH.*, 299 AD2d 760 [2002]; *Matter of Tiffany MM.*, 298 AD2d 728, 729 [2002]). No exchange between the court and the representative appears in the record[2] and respondent's representative did not sign respondent's admission statement (*compare Matter of William VV.*, 42 AD3d 710, 712 [2007]). As the provisions of Family Ct Act § 321.3 (1) cannot be waived (*see Matter of Robert OO.*, 34 AD3d at 1075; *Matter of Derick UU.*, 298 AD2d 654 [2002]), Family Court's order must be reversed and the matter remitted to Family Court for further proceedings.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered

---

**2.** At the same time, Family Court also took an allocution from another juvenile. During this person's allocution, the court asked his mother, who was present, whether she consented to his making admissions and she answered that she did.

that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

 