People v Paternostro (2020 NY Slip Op 06652)





People v Paternostro


2020 NY Slip Op 06652


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


971 KA 18-01464

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH J. PATERNOSTRO, III, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered January 25, 2018. The judgment convicted defendant upon his plea of guilty of attempted burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]). Although defendant's challenge to the voluntariness of his plea would survive even a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Seaberg, 74 NY2d 1, 10 [1989]), "[b]y failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that the plea was not voluntarily entered" (People v Garcia-Cruz, 138 AD3d 1414, 1414-1415 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; see also People v Lopez, 71 NY2d 662, 665 [1988]). Contrary to defendant's contention, we conclude that this case does not fall within the rare exception to the preservation requirement (see People v Hopper, 153 AD3d 1045, 1046-1047 [3d Dept 2017], lv denied 30 NY3d 1061 [2017]; People v Matos, 27 AD3d 485, 486 [2d Dept 2006]; People v Farnham [appeal No. 1], 254 AD2d 767, 767 [4th Dept 1998], lv denied 92 NY2d 949 [1998]; see generally Lopez, 71 NY2d at 666). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court