■ In the Matter of MELVIN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [628 NYS2d 698] —Order of disposition, Family Court, New York County (Bruce Kaplan, J.), entered April 6, 1994, which adjudicated respondent a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the fourth degree, and placed him with the Division for Youth for a period of 18 months, unanimously reversed, on the law, and the petition dismissed, without costs.

While a plea of guilty constitutes a forfeiture of any claims that might have been made under the speedy fact-finding provisions of the Family Court Act, it is without prejudice to a postjudgment application challenging its voluntariness (*Matter of Christopher F.*, 126 AD2d 975). Where the guilty plea is defective, and therefore a nullity, the plea does not constitute a waiver (*see, Matter of Gregory C.*, 202 AD2d 273).

Family Court Act § 321.3 (1) requires that before granting its consent to entry of a guilty plea, the court ascertain through allocution of the respondent and his parent or other person legally responsible for his care, if present, that he committed the act to which he is pleading guilty, that he is voluntarily waiving his right to a fact-finding hearing and that he is aware of all possible specific dispositional orders that it may issue, and further provides that these requirements are non-waivable.

Here, the court failed to inform respondent of all possible dispositional consequences of his plea and to ascertain whether he understood those consequences. While respondent's attorney advised him of some of the possible specific dispositional orders

available to the court, she did not advise him, for instance, of the possibility of an extension of placement, after a hearing, if the court determined that an extension was warranted. The failure of the court to properly ascertain whether respondent understood the full ramifications of his plea renders his plea defective, and the fact-finding determination based upon his admission of the allegations must be vacated (*Matter of Gregory C., supra; Matter of Anthony D.*, 205 AD2d 533).

Moreover, the record was silent as to whether respondent's mother, who was in court, was advised by the court or respondent's attorney of the consequences of respondent's admission; her waiver cannot be presumed from a silent record (*see, Matter of John R.*, 71 AD2d 896, 897; *Matter of Kim F.*, 109 AD2d 706). Consequently, there was a violation of Family Court Act § 321.3 as to respondent and his mother, and vacatur of respondent's defective plea is doubly warranted.

The plea did not, therefore, constitute a waiver of respondent's speedy fact-finding arguments (*see, Matter of Gregory C., supra*), which the record indicates were timely raised and sufficiently preserved for appeal.

The record further indicates that Family Court Act § 340.1, the "speedy trial" provision, was violated here on as many as three separate grounds. The adjournment of the fact-finding hearing for more than 30 days and the failure to make a finding of "good cause" for the adjournment on the record are each grounds warranting dismissal of the petition (*see, Matter of Nakia L.*, 81 NY2d 898, 901; *Matter of Gregory C., supra*). There is a third ground for dismissal as well, the unexcused failure to commence the undetained respondent's fact-finding hearing within the 60-day period (*see, Matter of Tommy C.*, 182 AD2d 312; *Matter of Michelle BB.*, 186 AD2d 856). This ground is established by virtue of counsel's express refusal to waive speedy fact-finding issues, counsel's request to set a date within the 60-day period, and the fact that, ultimately, adjournment for "good cause" due to counsel's illness was not the reason the 60-day period was exceeded; the court purportedly "tolled" the statute, which it had no authority to do.

The presentment agency's reliance on this Court's decision in *Matter of Walter P.* (203 AD2d 213), in support of its contention that the legislative goal of prompt adjudication of juvenile delinquency cases was met here in that the fact-finding hearing was adjourned only once and the guilty plea was taken within 90 days of respondent's initial appearance, is misplaced. There the respondent was found to have effectively consented to the adjournment, whereas here, respondent's counsel specifically objected to an adjournment beyond the statutory period.

In view of our determination on the speedy fact-finding issue, we find it unnecessary to consider respondent's claims regarding the suppression of evidence. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.