In the Matter of FLORENCE V., a Person Alleged to be a Juvenile Delinquent, Appellant. STEVEN OPPENHEIM, as Sullivan County Attorney, Respondent. [635 NYS2d 779] —Cardona, P. J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered January 10, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was adjudicated a juvenile delinquent based upon her admission to acts which, if committed by an adult, would have constituted criminal trespass in the second degree, a class A misdemeanor. Following a dispositional hearing, she was placed on two years' probation and ordered to participate in, *inter alia*, certain educational and counseling programs.* She now appeals.

Respondent maintains that there should be a reversal because her plea allocution in Chemung County Family Court failed to satisfy the requirements of Family Court Act § 321.3 (1). Specifically, she contends that the plea was inadequate because the possible specific dispositions were not articulated on the record (*see*, Family Ct Act § 321.3 [1] [c]). We agree.

The record reveals that, at the allocution, Family Court did not adequately explain to respondent the "possible specific dispositional orders" as required by Family Court Act § 321.3

---

* We note that the plea allocution took place before Chemung County Family Court. After the plea was accepted, the case was transferred to Sullivan County Family Court since respondent currently resided there. All further proceedings took place before the latter court.

(1) (c). The statute's requirements in juvenile delinquency proceedings are mandatory and nonwaivable (*see, Matter of Herbert TT.*, 192 AD2d 916; *Matter of Edgar Q.*, 185 AD2d 432). Here, the court asked respondent whether she "understood that we are going to be doing something about [her admission] in terms of disposition". The court should have either engaged in a colloquy with respondent regarding the various dispositions (*cf., Matter of Justin ZZ.*, 214 AD2d 816) or ascertained that the possible dispositions had been clearly explained to her and that she was aware of the range of alternatives (*cf., Matter of Sarah HH.*, 203 AD2d 732). Under these circumstances, we must reverse (*see, Matter of Herbert RR.*, 214 AD2d 891) and remit the matter to Family Court for further proceedings (*see, Matter of Allen R.*, 214 AD2d 800). Given that the fact-finding portion of this proceeding was conducted in Chemung County and then transferred to Sullivan County for disposition (Family Ct Act § 302.3), remittal should be to Chemung County Family Court.

In view of this result, we do not address respondent's remaining arguments.

Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.