■ In the Matter of JOSEPH H., JR., a Person Alleged to be a Juvenile Delinquent, Appellant. ERIE COUNTY ATTORNEY, Respondent. [637 NYS2d 574] —Order unanimously affirmed without costs. Memorandum: Family Court properly denied the motion of respondent to suppress his statement to the police. The

court's findings are "entitled to great deference" *(Matter of Larry R.,* 222 AD2d 220) and are fully supported by the record.

The court also properly denied respondent's motion to dismiss the petition as jurisdictionally defective for failure to comply with the requirements of Family Court Act § 311.2. A petition is facially sufficient when it contains, *inter alia,* "nonhearsay allegations of the factual part of the petition or of any supporting depositions establish[ing], if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]). The verified petition specifically incorporates respondent's statement to the police. That statement is not hearsay within the meaning of Family Court Act § 311.2; it would be admissible at trial as a confession *(see, Matter of Rodney J.,* 108 AD2d 307, 311; *see also, Matter of Rey R.,* 188 AD2d 473, 474). The petition also incorporates the complainant's properly verified supporting deposition *(see,* Family Ct Act § 311.1 [4]). The deposition of the complainant, together with respondent's statement, establish, "if true, every element of [criminal possession of stolen property in the fifth degree] and the respondent's commission thereof" (Family Ct Act § 311.2 [3]).

Once again we call attention to the fact that the County Attorney has failed to submit an answering brief *(see, Matter of Nicholas T.,* 224 AD2d 974 [decided herewith]) and reiterate that his failure to do so does not comport with his responsibility in these matters. (Appeal from Order of Erie County Family Court, Townsend, J.—Juvenile Delinquency.) Present—Pine, J. P., Wesley, Callahan, Davis and Boehm, JJ.