■ In the Matter of JOSEPH P., a Person Alleged to be a Juvenile Delinquent, Appellant. [645 NYS2d 468] —Orders of disposition, Family Court, New York County (Judith Sheindlin, J.), entered January 20, 1994, which adjudicated respondent-appellant a juvenile delinquent upon his admission that he committed an act which, if committed by an adult, would constitute the crime of grand larceny in the fourth degree, and placed him on probation for a period of 12 months, and entered August 31, 1995, which placed respondent-appellant with the Division for Youth for a period of 12 months upon his admission that he violated the conditions of his probation, reversed, on the law, without costs, the fact-finding order vacated, and the matter remanded for an expedited new fact-finding hearing.

As conceded by the presentment agency, appellant's allocution was inadequate because the court failed to advise him of all possible dispositional consequences of his admission (Family Ct Act § 321.3 [1]; *Matter of Melvin A.*, 216 AD2d 227). However, as urged by the presentment agency, the matter should be remanded for a new fact-finding determination, rather than dismissal, since appellant's period of placement has not yet been completed (*cf., Matter of Corey L.*, 140 AD2d 609). Concur—Milonas, J. P., Rosenberger, Rubin and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

Once again, this Court mandates a futile act.

The court not only informed the minor, among other things, that he had a right to a trial at which the charges would have to be proven against him beyond a reasonable doubt and that he would have the right to cross-examine witnesses and that he would not have to testify and that a decision not to testify could not be held against him, the court specifically stated: "Do you know that by making this admission you come under my authority and that I could do a variety of things up to and including placing you away from home in an institution for up to 18 months".

The presentment agency was in error in conceding that the

allocution was inadequate. We do not have to accept the concession (*see, People v Rowe*, 227 AD2d 212). The case cited by the court (*Matter of Melvin A.*, 216 AD2d 227) is not conclusive on the point in issue, as there were multiple errors in that matter.