■ In the Matter of SHANIQUA W., a Person Alleged to be a Juvenile Delinquent, Appellant. [692 NYS2d 164] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated May 28, 1998, which, upon a fact-finding order of the same court, dated April 27, 1998, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree, reckless endangerment in the second degree, and criminal possession of a weapon in the fourth degree, adjudicated her to be a juvenile delinquent and placed her with the Office of Children and Family Services for 12 months. The appeal brings up for review the fact-finding order dated April 27, 1998.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the presentment agency failed to prove that she committed the act of assault in the third degree is without merit. At the fact-finding hearing, Police Officer Kevin Grant testified that he saw the appellant throw a bottle.

Contrary to the appellant's contention, the presentment agency was not required to prove that Officer Torchio suffered a substantial physical injury in order for the court to have found that she committed reckless endangerment in the second degree. It is simply the risk of physical injury that is necessary to establish the reckless endangerment (*cf., People v Davis,* 72 NY2d 32). Finally, the glass bottle thrown by the appellant constituted a dangerous instrument (*see, People v Soumik,* 244 AD2d 584). Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.