■ In the Matter of TODD Z., a Person Alleged to be a Juvenile Delinquent, Appellant. SCHOHARIE COUNTY ATTORNEY, Respondent. [743 NYS2d 190] —Peters, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered June 5, 2001, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to find respondent in violation of a prior order of disposition.

In March 2001, respondent (born in 1986) was adjudicated a juvenile delinquent and placed on probation under specified terms and conditions for a period of two years. Two weeks later, respondent was charged with violating those terms of his probation which prohibited him from engaging in disruptive behavior and from committing any act which, if committed by an adult, would be a crime. The charges under review stem from an incident whereby respondent allegedly threatened to stab Theresa Jabonaski, an educational assistant at his school, after she caught him cheating on an examination.

On April 10, 2001, respondent appeared with counsel and his parents before Family Court to answer the petition. After a lengthy colloquy with the court, respondent admitted to the charges. At the conclusion of a dispositional hearing, Family Court placed respondent in the care and custody of the Schoharie County Commissioner of Social Services with directions that he be placed in a residential treatment facility tailored to meet his psychiatric, counseling and educational needs. Respondent appeals.

Initially, we reject any contention that the violation petition was jurisdictionally defective by failing to include nonhearsay allegations supporting the crimes charged (*see,* Family Ct Act § 360.2 [2]). The factual portion of the petition was directly supported by the attached statement of Jabonaski, who related her personal encounter with respondent and his statement, "I

should just stab you." Notably, Jabonaski verified the truth of the affidavit's contents under penalty of perjury, and we find the statement to be nonhearsay since it was clearly inculpatory (*see, Matter of Kyle L.*, 268 AD2d 836, 837; *Matter of Christopher P.*, 260 AD2d 212, 213; *Matter of Carlos MM.*, 238 AD2d 707, 708).

Nor do we find that the petition should be dismissed due to the failure by Family Court to satisfy relevant procedural requirements upon respondent's appearance on the violation petition. Family Court Act § 360.3 (2) requires the court to, inter alia, "advise the respondent of the contents of the petition and furnish him with a copy thereof; * * * and * * * ask * * * whether [respondent] wishes to make any statement with respect to the violation." The statute further requires a proper allocution in conformance with Family Court Act § 321.3 if respondent seeks to make an admission. Contrary to respondent's contention, at no time should he have been advised of his right to remain silent in this proceeding (*see,* Family Ct Act § 360.3; *Matter of Tabitha LL.*, 87 NY2d 1009, 1010-1011).

Here, respondent appeared with his attorney, acknowledged receipt of the copy of the petition, and fully expressed his desire to admit to the specific charges with an understanding that he would be permitted to stay at home until petitioner, with the cooperation of respondent's parents, could settle upon an appropriate residential placement at a later dispositional hearing (*compare, Matter of Florence V.*, 222 AD2d 991, 992). Further, an extensive colloquy ensued with respondent's parents about his intent to admit to the charges and their views towards his ultimate placement in a residential treatment facility.

Thereafter, respondent reiterated his decision to admit to the charges and, after being reminded that he had a right to a hearing and to cross-examine witnesses, acknowledged that he understood his rights. He then fully allocuted to all charges, acknowledging his violation of the terms of his probation. With Family Court concluding that the admission was voluntarily given in full satisfaction of the petition and that respondent did not have to be detained pursuant to Family Court Act § 320.5, there exists no basis upon which we would determine that the plea was procedurally defective.

We further find no error in the determination rendered after the dispositional hearing that respondent should be placed in the care and custody of the Schoharie County Commissioner of Social Services. Considering the testimony from Diane De Giovine, a Schoharie County Mental Health Clinic case manager,

Connie Oakes, a caseworker with the Schoharie County Department of Social Services, respondent's mother and the clinical assessments of respondent which were properly admitted into evidence, placement in a residential treatment facility was clearly in respondent's best interest (*see*, Family Ct Act § 352.2 [2] [a]). Notably, respondent was before Family Court on a violation petition just two weeks after being placed on probation. At the time of the dispositional hearing, a second violation petition was pending concerning incidents occurring after respondent's initial appearance before the court. By these accounts, continued probation supervision at respondent's residence was no longer a viable option (*see*, *Matter of Manuel W.*, 279 AD2d 662, 663; *Matter of Michael OO.*, 269 AD2d 633, 633-634).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.