■ In the Matter of ERIC CC., a Person Alleged to be a Juvenile Delinquent, Appellant. BROOME COUNTY ATTORNEY, Respondent. [748 NYS2d 186] —Peters, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered August 9, 2000, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent, a juvenile, was accused of twice fondling his 12-year-old sister's breasts while she slept, acts which, if committed by an adult, would constitute the crime of sexual abuse in the second degree (*see* Penal Law § 130.60 [2]). Thereafter, respondent entered an admission to the charges. Following respondent's allocution detailing his conduct, Family Court inquired of his parents whether they "have any objection to the statements in the form of admissions." Each responded that they had no objection. The proceeding was then adjourned for a dispositional hearing and a probation investigation was ordered; as agreed, respondent was remanded to the Children's Home of Wyoming Conference for a period not to exceed 30 days.

At the next scheduled dispositional hearing, the matter was adjourned due to a disagreement on the recommended out-of-home placement. When the dispositional hearing concluded, respondent was adjudged to be a juvenile delinquent and placed in the custody of the Broome County Commissioner of Social Services for a period of 12 months. This appeal followed.[1]

On appeal, respondent contends that the mandates of Family Ct Act § 321.3 were not followed because Family Court failed to, inter alia, adequately allocute his parents. We disagree. Reviewing the entirety of respondent's allocution, it is clear to us that Family Court properly informed respondent of his right to a hearing, his right to remain silent and the litany of possible dispositional alternatives.[2] It also specifically asked respondent's parents, as well as the Law Guardian, if they had "any objection to the statements in the form of admissions," and after accepting the admission, engaged in a lengthy col-

---

1. We note that petitioner failed to comply with the appropriate time frames for the filing of a brief in this matter, despite repeated reminders by this Court concerning the obligation to timely comply with legislative mandates (*see* County Law § 501; *see generally Matter of Joseph H.*, 224 AD2d 1037; *Matter of Nicholas T.*, 224 AD2d 974; *Matter of Jamie J.*, 209 AD2d 896). When a response was ultimately received, it was in the form of a letter which incorrectly asserted that the case was "moot." When a finding of delinquency is challenged upon appeal, the fact that the child is no longer in the custody of an agency is not sufficient to render the matter moot (*see Matter of Bickwid v Deutsch*, 87 NY2d 862, 863; *Matter of Shannon F.*, 276 AD2d 847, 847-848).

2. Family Court stated as follows: "If you make [an] admission * * * you would waive your right to a hearing, you would waive your right to remain silent, and the Court would then have dispositional alternatives. You could be released in a parent's custody. You could be placed on probation. You could be placed in the custody of a social service agency. The Court could direct out-of-home placement, and you could be placed in the custody of the office of Children and Family Services of the State of New York, and the Court could keep control of your case until your eighteenth birthday."

loquy with respondent's parents concerning his placement. Nor do we find the record to support respondent's further claim that he failed to admit to all of the elements of the crime at issue. For all these reasons, the allocution fully complied with the mandates of Family Ct Act § 321.3 (1) (*see Matter of Todd Z.*, 295 AD2d 652, 653; *compare Matter of Neftaly R.*, 283 AD2d 579, 580; *Matter of Allen R.*, 214 AD2d 800, 801; *Matter of Herbert TT.*, 192 AD2d 916, 917; *Matter of Edgar Q.*, 185 AD2d 432, 433).

Disposing of respondent's next contention that a reversal is required because the hearing was held after the 10-day statutory prescription of Family Ct Act § 350.1 (1), we note that such failure will not mandate a reversal where, as here, there is no showing of actual prejudice (*see Matter of Jose R.*, 83 NY2d 388, 393-394; *Matter of Brion H.*, 161 AD2d 832, 833). Having reviewed and rejected the remaining contentions as without merit, we affirm.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.