■ In the Matter of DERICK UU., a Person Alleged to be a Juvenile Delinquent, Appellant. BROOME COUNTY ATTORNEY, Respondent. (And Two Other Related Proceedings.) [748 NYS2d 288] —Rose, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 25, 2001, which, inter alia, granted two of petitioner's applications, in three proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

During a fact-finding hearing at which both parents were present, respondent was adjudicated a juvenile delinquent based upon his admission to acts which, if committed by an adult, would constitute criminal possession of stolen property in the fifth degree and petit larceny. Following a dispositional hearing, a dispositional order was entered directing placement in the custody of the Broome County Department of Social Services for a period of 12 months, subject to the further order of the court, with credit for time served in detention, and respondent was remanded to a nonsecure detention facility. Respondent now appeals, arguing that Family Court committed reversible error by failing to properly allocute respondent and his parents regarding the possible specific consequences of his admissions.

In light of the prescriptions in Family Ct Act § 321.3 (1), we find merit in respondent's contention. The record of the fact-finding hearing reveals that, while Family Court obtained the parents' consent before proceeding to question respondent and instructed respondent that if he made an admission he would be waiving various rights, the record clearly indicates that the court failed to obtain a proper allocution from the parents with regard to their understanding of any rights respondent may be waiving as a result of his admission. Further, while respondent was advised that he could be placed outside the home, Family Court did not ascertain whether he and his parents were aware of the full extent of such a disposition (*see Matter of Daniel H.*, 236 AD2d 874; *Matter of Florence V.*, 222 AD2d 991, 992; *compare Matter of Eric CC.*, 298 AD2d 632 decided herewith). Because of this omission, reversal of the finding of juvenile delinquency is mandated (*see Matter of Anthony D.*, 205 AD2d 533, 533). We have reviewed respondent's remaining contentions that he was unlawfully placed in detention following his initial appearance and his hearings were untimely, and

find them to be unavailing (*see Matter of Brion H.*, 161 AD2d 832, 833).*

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the two petitions dated May 2, 2001; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

* We are advised by petitioner's brief that on March 18, 2002, respondent, his Law Guardian, and his parents consented to an extension of custody until December 31, 2002.