Rose, J.
Appeal from an amended order of the Family Court of Essex County (Halloran, J.), entered August 9, 2002, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
Following the filing of a juvenile delinquency petition, a fact-finding hearing was conducted at which respondent admitted to an act which, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree, and Family Court adjudicated him to be a juvenile delinquent. A dispositional order was rendered in August 2002 after which respondent was placed in the custody of the Office of Children and Family Services for a period of one year. Respondent now appeals, arguing that Family Court did not properly allocute his parents in accordance with the requirements of Family Ct Act § 321.3 (1).
Family Ct Act § 321.3 governs the acceptance of an admission in the context of a juvenile delinquency proceeding and provides that at the fact-finding hearing: “The court shall . . . ascertain through allocution of the respondent and his parent or other person legally responsible for his care, if present, that (a) he committed the act or acts to which he is entering an admission, *829 (b) he is voluntarily waiving his right to a fact-finding hearing, and (c) he is aware of the possible specific dispositional orders” (Family Ct Act § 321.3 [1]). Here, the transcript of the fact-finding hearing reveals that Family Court engaged in essentially two exchanges with respondent’s parents. In the first, the court described the proceedings, including the fact-finding hearing, its waiver and the possible dispositions. The court then asked the parents if they understood the procedure that had been described, to which the father responded, “Yes I do,” and the mother’s response, although unintelligible to the transcriber, appears from its context to have been equally affirmative. In the second, the court described the proposed plea agreement and asked the parents, “how do you feel about your son standing up here under oath and admitting that he committed this act.” The father stated that it was an appropriate resolution, and the mother responded that it was the proper resolution “[f]or now.” While the court’s inquiry could have been put more directly, it served the statutory purpose of eliciting the parents’ understanding and assent to respondent’s voluntary waiver of his rights and his admission that he committed the acts charged (cf. Matter of Tiffany MM., 298 AD2d 728, 729 [2002]; Matter of Neftaly R., 283 AD2d 579, 580 [2001]). We are not persuaded by respondent’s contention that the statute required his parents to admit that he committed the acts to which he entered an admission, and we read it to require only that the court confirm that the parents do not object to the child making such an admission (see Matter of Eric CC., 298 AD2d 632, 633 [2002]).
Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the amended order is affirmed, without costs.