■ In the Matter of DONALD NN., a Person Alleged to be a Juvenile Delinquent, Appellant. ST. LAWRENCE COUNTY ATTORNEY, Respondent. (And Another Related Proceeding.) [779 NYS2d 307]—

Cardona, P.J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered March 27, 2003, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent (born in 1987) was the subject of a juvenile delinquency petition alleging that he shot a friend in the leg with a pellet gun. In satisfaction of the petition, he admitted to committing acts which, if committed by an adult, would constitute the crime of reckless endangerment in the second degree. Prior to the scheduled dispositional hearing, respondent was the subject of a second petition alleging that he committed acts which, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree. He entered an admission to both counts of this second petition. Following a joint dispositional hearing, Family Court adjudged respondent a juvenile delinquent and placed him in the care and custody of the Office of Children and Family Services for a period of one year.

Respondent challenges the sufficiency of the allocutions to the two petitions. He claims that his allocution in connection with the first petition was legally insufficient because it failed to establish that he acted recklessly. In our view, however, his admission that he discharged a loaded pellet gun "pretty close" to the victim, causing the pellet to ricochet into the victim's leg, when viewed in a light most favorable to petitioner (see People v Bleakley, 69 NY2d 490, 495 [1987]; Matter of William A., 4 AD3d

647, 647-648 [2004]; *Matter of Joshua F.,* 309 AD2d 1012, 1013 [2003]), was sufficient to support Family Court's finding that respondent's conduct was reckless (*see* Penal Law § 15.05; *see also Matter of Koron B.,* 303 AD2d 314 [2003], *lv denied* 100 NY2d 507 [2003]; *Matter of Shaniqua W.,* 262 AD2d 496 [1999]).

We are also unpersuaded by respondent's contention that Family Court's allocutions did not comply with the requirements of Family Ct Act § 321.3 (1). The allocution of respondent and his parents on the second petition was less formal than the colloquy on the first petition. However, both allocutions apprised respondent and his parents of his rights, established that his waiver of those rights was voluntary and he committed the acts to which he was admitting. Furthermore, the allocutions ascertained that his parent(s) did not object to such waivers and admissions and set forth various dispositional alternatives (*see* Family Ct Act § 321.3 [1]; *see also Matter of Theodore N.,* 1 AD3d 828, 828-829 [2003]; *Matter of Eric CC.,* 298 AD2d 632, 633-634 [2002]). Although the court did not specifically inform respondent and his parents at the second allocution that probation was a possible disposition (*see* Family Ct Act § 352.2 [1] [b]), that omission was not fatal to the colloquy since it had previously been established that the court would render a joint disposition on the two petitions and probation had been specifically included among the possible dispositions in the first allocution.

Crew III, Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.