■ In the Matter of SEAN R.P., Appellant. SENECA COUNTY ATTORNEY, Respondent. [807 NYS2d 499]—

Appeal from an order of the Family Court, Seneca County (W.

Patrick Falvey, J.), entered November 19, 2004 in a proceeding pursuant to Family Court Act article 3. The order adjudged respondent to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of one year for placement in a limited secure facility.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent appeals from an order of disposition placing him in the custody of the New York State Office of Children and Family Services for a period of one year. Respondent contends that his admission to acts that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree was defective because Family Court failed to comply with Family Court Act § 321.3 (1) and (2). We agree. We note at the outset our disagreement with the Second Department that preservation is required with respect to the contention of a respondent in a juvenile delinquency proceeding that the allocution, and hence the admission, was defective (*cf. Matter of Ricky A.*, 11 AD2d 532, 533 [2004]; *Matter of Brandon S.*, 305 AD2d 609, 610 [2003]). "The statute's requirements . . . are mandatory and nonwaivable" (*Matter of Florence V.*, 222 AD2d 991, 992 [1995]; *see Matter of Mary L.M.*, 5 AD3d 1069 [2004]), and thus preservation is not required.

We agree with respondent that his admission was defective inasmuch as the court failed to advise him of his right to remain silent and to advise him of certain other constitutional rights attendant to a hearing (*see Matter of Franklin M.*, 11 AD3d 469, 470 [2004]; *Matter of Derick UU.*, 298 AD2d 654 [2002]; *Matter of Walker*, 144 AD2d 306 [1988]). Further, the court failed to ascertain that respondent and his parents were aware of "all possible dispositional alternatives" (*Franklin M.*, 11 AD3d at 470; *see Matter of Joseph P.*, 229 AD2d 318 [1996]; *Matter of Anthony D.*, 205 AD2d 533 [1994]; *Matter of Warren R.*, 197 AD2d 920 [1993]; *cf. Matter of Jermaine J.*, 6 AD3d 87, 92 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Eric CC.*, 298 AD2d 632, 634 [2002]). Also lacking is a statement of the court's reasons for consenting to the entry of the admission (*see* Family Ct Act § 321.3 [2]; *Franklin M.*, 11 AD3d at 470).

Because the period of respondent's placement has expired, the petition must be dismissed (*see Matter of James T.*, 304 AD2d 864 [2003]; *Matter of Tiffany MM.*, 298 AD2d 728, 730 [2002]; *see also Matter of Mark S.* [appeal No. 1], 144 AD2d 1010 [1988]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.