In the Matter of JOHN II., a Person Alleged to be a Juvenile Delinquent, Appellant. CAROLINE A. WEST, as Rensselaer County Probation Officer, Respondent. [818 NYS2d 649]—

Carpinello, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered July 13, 2005 which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in violation of a prior order of probation.

In December 2004, a petition was filed alleging that respondent, who had been adjudicated a juvenile delinquent eight weeks earlier and placed on probation for two years, violated probation by refusing to sign a release form necessary for referral to a substance abuse program and by failing to cooperate with his probation officer's recommendations concerning his substance abuse issues. Thereafter, at the first appearance on the violation petition, respondent entered an admission in the presence of both parents. On appeal, he claims that Family Court did not properly allocute him or his parents. Upon our review of the record, we find that Family Court's allocutions did indeed comply with the requirements of Family Ct Act § 321.3 (1) and § 360.3 (2) and, thus, we affirm.

Before accepting respondent's admission, Family Court advised him, in the presence of his parents and counsel, that he had a right to a trial which he would be waiving upon making an admission. The court also informed respondent that it could ultimately make a "new disposition" in the case, specifically elaborating that such disposition could include modifying or extending probation, placement in either a day treatment or residential facility for up to one year and subject him to extensions or placement with the Office of Children and Family Services. Respondent unequivocally indicated that he understood "everything" and that he had the opportunity to discuss the matter with his attorney. He thereafter admitted that he did not comply with certain conditions of his probation, namely, he failed to sign a release form and failed to cooperate with a referral to a substance abuse treatment program. We are satisfied that respondent's allocution complied with all statutory requirements (*see e.g. Matter of Donald NN.*, 9 AD3d 537, 538 [2004]; *Matter of Todd Z.*, 295 AD2d 652, 653 [2002]).

With respect to the allocution of respondent's parents, Family Court indeed asked them if they understood the rights which had been explained to their son. Neither parent indicated that he or she did not so understand. Respondent's father did, however, inquire about the potential disposition. Family Court appropriately reminded him that the issue then being discussed concerned his understanding of the instant proceeding, in particular that it constituted a fact-finding hearing and that respondent was admitting that he violated probation. Respondent's father readily admitted that he did in fact understand the nature of the proceedings and further confirmed that he had a chance to speak with respondent's attorney. Both parents expressly acknowledged that respondent violated probation and respondent's father specifically acknowledged that his son was voluntarily entering into the admission. In our view, Family Court's inquiry "served the statutory purpose of eliciting the parents' understanding and assent to respondent's voluntary waiver of his rights and his admission that he [violated probation]" (*Matter of Theodore N.*, 1 AD3d 828, 829 [2003]; *see Matter of Donald NN.*, *supra*; *Matter of Eric CC.*, 298 AD2d 632, 633-634 [2002]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.