◾ In the Matter of WILLIAM VV., a Person Alleged to be a Juvenile Delinquent. MICHELE CLARK, as Columbia County Probation Officer, Respondent; WILLIAM VV., Appellant. [839 NYS2d 614]—

Cardona, P.J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered September 5, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in violation of a prior order of probation.

In December 2005, respondent was adjudicated a juvenile delinquent and placed on probation for 12 months. Pursuant to the order of disposition, respondent was subject to various conditions, including that he abstain from the use of illegal drugs and submit to recognized testing to determine their use. Thereafter, a petition was filed alleging that respondent violated the order of probation by smoking marihuana and twice refusing to submit to the required urine drug screen. Respondent subsequently appeared before Family Court and completed an admission statement which was also signed by his parents and Law Guardian. Following a query, Family Court found that respondent had violated the terms of his probation. A dispositional hearing was held, wherein respondent appeared with his parents and Law Guardian. Family Court placed respondent with the Department of Social Services for one year inasmuch as respondent, "while on probation, has continued to be physically and verbally aggressive towards others and continues to use illegal drugs."

Initially, we do not agree that respondent's admission was insufficient based upon his claim that Family Court did not follow certain requirements set forth in Family Ct Act § 321.3, including making the proper allocution of his parents. Notably, prior to accepting an admission of a violation of probation in the context of a juvenile delinquency proceeding, " '[Family C]ourt shall . . . ascertain through allocution of the respondent and his parent or other person legally responsible for his care, if present, that (a) he committed the act or acts to which he is entering an admission, (b) he is voluntarily waiving his right to a fact-finding hearing, and (c) he is aware of the possible specific dispositional orders' " (*Matter of Theodore N.*, 1 AD3d 828, 828-829 [2003], quoting Family Ct Act § 321.3 [1]; *see Matter of John II.*, 31 AD3d 842, 842 [2006]; *Matter of Donald NN.*, 9 AD3d 537, 537 [2004]).

Here, respondent, his parents and Law Guardian signed an admission statement that advised respondent of his rights to remain silent and to a fact-finding hearing and that, if the court determined that he violated his order of probation, respondent could be placed in a facility for up to 12 months. Further, the court asked respondent, among other things, whether he wished to give up his right to remain silent and his right to a trial and if he understood that he could be placed in a facility for up to a year if there was a determination that he violated his probation. Respondent voluntary relinquished those rights and admitted to possessing and using marihuana, as well as refusing to submit to the requested drug tests. The record demonstrates that the colloquy "apprised respondent and his parents of his rights, established that his waiver of those rights was voluntary and he committed the acts to which he was admitting [and] ascertained that his parent(s) did not object to such waivers and admissions" (*Matter of Donald NN., supra* at 538; *see* Family Ct Act § 321.3 [1]).

We are likewise unpersuaded that Family Court improperly based its decision to place respondent in the Department's custody solely on the contents of the Probation Department report. Family Court set forth reasons for respondent's placement which included findings that he had continuously abused drugs and alcohol, was unwilling to undergo therapy, was aggressive in school and suffered from emotional problems, depression and antisocial personality traits. Inasmuch as the record demonstrates that Family Court considered, among other things, evidence adduced at the dispositional hearing as well as the report, we find no abuse of discretion in the court's determination that respondent's best interests would be served by placing him with the Department for one year (*see Matter of Devon AA.,* 7 AD3d 845, 847 [2004]).

The remaining arguments raised by respondent have been examined and found to be unpersuasive.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.