*620 OPINION OF THE COURT
W. Dennis Duggan, J.
Can a parent’s objection prevent the court from accepting an admission from the child in a juvenile delinquency proceeding? The answer is no. The court may accept a juvenile’s admission over the objection of the parent. The court finds that the appellate authority that appears to be to the contrary to this holding is dicta and not controlling on this issue.
The juvenile in this case is charged with petit larceny. At the initial appearance, the child was arraigned and he and his father were apprised of the child’s rights as required by Family Court Act § 320.3. At that point, the court was advised by the child’s attorney that the child wished to make an admission.
As required by Family Court Act § 321.3, the court ascertained that the child and his parent understood that the child had a right to a fact-finding hearing and was waiving that right and they were made aware of the possible specific dispositional outcomes. Before allocuting the child to determine if he committed the petit larceny, the court asked the father if he understood the implications of the admission to be made by his son and if he was recommending that his son make the admission. At that point, the father objected to his son making an admission. Both the presentment agency and the attorney for the child urge the court to not follow the holding in Matter of Theodore N. (1 AD3d 828 [3d Dept 2003]) to the extent that it may be controlling on this issue.
In Theodore N, the Appellate Division reviewed the adequacy of Family Court’s allocution before accepting an admission in a juvenile delinquency proceeding. The court held that the statute did not require the “parents to admit that [the respondent] committed the acts to which he entered an admission . . . [but] to require only that the court confirm that the parents do not object to the child making such an admission.” (Theodore N. at 829 [emphasis added].)
The court finds that, before accepting an admission by a juvenile to an act which would be a crime if committed by an adult, the court must ascertain that the parent understands the respondent’s waivers, admissions and possible dispositions, but need not obtain the parent’s consent and that Theodore N. does not require otherwise.
On several occasions, the Third Department has taken under review the sufficiency of allocutions in juvenile delinquency *621 cases and commented on various aspects of the parent’s response. However, no appellate court has directly held that a parent may object to and thus prevent the acceptance of an admission by his child.
For example, in Matter of Eric CC. (298 AD2d 632 [3d Dept 2002]), the court noted approvingly that Family Court asked the parents if they had “any objection to the statements in the form of admissions.” (Ibid. at 633 [emphasis added].) In Matter of Derick UU. (298 AD2d 654 [3d Dept 2002]), the court held that the allocution was insufficient because “the court failed to obtain a proper allocution from the parents with regard to their understanding of any rights respondent may be waiving as a result of his admission” (ibid. at 654). In Matter of John II. (31 AD3d 842 [3d Dept 2006]), the court quoted approvingly from Matter of Theodore N. (supra), holding that Family Court’s inquiry “served the statutory purposes of eliciting the parents’ understanding and assent to respondent’s voluntary waiver of his rights and his admission that he [violated probation]” (ibid. at 843, quoting Theodore N. at 829 [emphasis added]). In Matter of William VV. (42 AD3d 710 [3d Dept 2007]), the court again followed the rule set forth in Theodore N. in upholding a juvenile disposition where the Family Court ascertained that the parents did not object to the waiver and admissions of their child.
It must first be noted that Family Court Act § 321.3 contains no requirement that the court must ascertain that a parent consents to the waiver by his child of that child’s rights. Nor does it give a parent any right to interpose an objection to the court accepting the child’s admission. Validating a conclusion that a parent has no right to veto the decision of his child to make an admission is the fact that the Legislature has provided no procedure to resolve such a dispute between the child and the parent. If the parent’s objection trumped the wishes of the child, it would require the court to hold a trial unwanted by the juvenile, perhaps exposing the child to a finding on charges more serious than those to which he wished to admit, a patently absurd result. Obversely, no one would argue that a parent could object to the juvenile’s refusal to make an admission. In the adult system, where a juvenile offender can be tried down to the age of 13 for certain serious felonies, the statute gives the parents no part to play in the plea process. (See Penal Law § 10.00 [18]; CPL 180.75.)
Finally, Family Court Act § 321.2 conclusively answers the question at hand. That section provides that a respondent may, *622 as a matter of right, enter an admission to the allegations in the petition or, with the consent of the court, make an admission to one count of a multicount petition or to a lesser included offense of a count contained in a petition. This section makes no reference to a requirement that a parent must consent to his child’s admission.
Based on the above, the admission will be accepted and the matter will be scheduled for a dispositional hearing.
[Portions of opinion omitted for purposes of publication.]