■ In the Matter of DAVID T., Appellant. [873 NYS2d 706]—

In a juvenile delinquency proceeding pursuant to Family

Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Bivona, J.), dated July 25, 2008, which, upon a fact-finding order of the same court dated June 25, 2008, made upon the appellant's admission, finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated June 25, 2008.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the matter is remitted to the Family Court, Orange County, for further proceedings on the petition.

As the appellant argues, and as the respondent correctly concedes, the allocution conducted at the fact-finding hearing, during which the appellant admitted to the second count of the petition in full satisfaction thereof, was not adequate. The Family Court failed to fully advise the appellant of his constitutional and statutory rights pursuant to Family Court Act §§ 320.3 and 321.3 (1) (*see Matter of Franklin M.*, 11 AD3d 469, 469-470 [2004]). In particular, the court did not advise the appellant that he had the right to remain silent (*see* Family Court Act § 320.3; *Matter of Sean R.P.*, 24 AD3d 1200, 1201 [2005]; *Matter of Jerry YY.*, 309 AD2d 1033, 1033-1034 [2003]), the right to present witnesses on his own behalf and to confront witnesses against him at a fact-finding hearing, and the right to require the presentment agency to prove that he committed an act which, if committed by an adult, would constitute a crime beyond a reasonable doubt (*see Matter of Walker*, 144 AD2d 306 [1988]). In addition, the court did not conduct an allocution of the appellant to insure that he was aware of all possible dispositional alternatives, as required by Family Court Act § 321.3 (1). Nor did the court state its reasons for consenting to the entry of the admission, as required by Family Court Act § 321.3 (2) (*see Matter of Sean R.P.*, 24 AD3d 1200, 1201 [2005]; *Matter of Franklin M.*, 11 AD3d 469, 470 [2004]).

The appellant's remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.