■ In the Matter of DAKOTA L.K., Appellant. STEUBEN COUNTY ATTORNEY, Respondent. [895 NYS2d 625]—

Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered April 28, 2009 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent a juvenile delinquent and placed him in the custody of the Commissioner of Social Services of Steuben County for a period of one year.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the order entered April 10, 2009 is vacated, and the matter is remitted to Family Court, Steuben County, for further proceedings on the petition.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of forcible touching (Penal Law § 130.52). We agree with respondent that his admission to the underlying act was defective based on Family Court's failure to comply with Family Court Act § 321.3. Indeed, the court failed to advise him of his right to present witnesses, to confront witnesses presented against him, and to have the presentment agency prove beyond a reasonable doubt that respondent committed the alleged act (*see Matter of David T.*, 59 AD3d 631 [2009]; *Matter of Sean R.P.*, 24 AD3d 1200, 1201 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Jerry YY.*, 309 AD2d 1033 [2003]). The court further failed to comply with the statute by failing to ascertain whether respondent and his parents were aware of the " 'possible specific dispositional orders' " (*Matter of Anthony S.*, 302 AD2d 531, 532 [2003]; *see Sean R.P.*, 24 AD3d at 1201; *Matter of*

*Warren R.*, 197 AD2d 920 [1993]). We note that respondent was not required to preserve his contention for our review inasmuch as the requirements of Family Court Act § 321.3 " 'are mandatory and nonwaivable' " (*Matter of Tyler D.*, 64 AD3d 1243, 1244 [2009]). Thus, the dispositional order is reversed and the fact-finding order is vacated (*see id.*). Because the period of respondent's placement has not expired, we do not dismiss the petition (*see id.*).

In view of our determination, we do not address respondent's remaining contention concerning the factual sufficiency of the admission. Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.