■ In the Matter of DAQUAN BB., a Person Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY, Respondent. [920 NYS2d 835]—

Rose, J. Appeal from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered July 29, 2010, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In May 2004, respondent appeared in Albany County Family Court (Maney, J.) (hereinafter Family Court) and admitted committing an act which, if committed by an adult, would consti-

tute the crime of criminal possession of a controlled substance in the seventh degree. Family Court thereafter transferred the matter to Rensselaer County, where respondent then was residing, for disposition. At the conclusion of the hearing that followed, Rensselaer County Family Court (E. Walsh, J.) adjudicated respondent to be a juvenile delinquent and placed him under the supervision of the local Probation Department for a period of one year. Respondent now appeals, contending that Family Court failed to comply with the mandatory and nonwaivable requirements of Family Ct Act § 321.3 prior to accepting his admission.

Preliminarily, we reject petitioner's contention that respondent was required to preserve this claim for our review (*see Matter of Dakota L.K.*, 70 AD3d 1334, 1335 [2010]; *Matter of Tyler D.*, 64 AD3d 1243, 1244 [2009]; *Matter of Sean R.P.*, 24 AD3d 1200, 1201 [2005], *lv denied* 6 NY3d 711 [2006]). Turning to the merits, Family Ct Act § 321.3 (1) provides that Family Court "shall not consent to the entry of an admission" unless it advises the respondent of his or her right to a fact-finding hearing and, further, ascertains through allocution of the respondent and his or her parent that the respondent committed the act(s) underlying the admission, is voluntarily waiving a fact-finding hearing and is aware of the possible specific dispositional orders (*see Matter of William VV.*, 42 AD3d 710, 711 [2007]). Additionally, "[u]pon consenting to the entry of an admission pursuant to this section, the court must state the reasons for granting such consent" (Family Ct Act § 321.3 [2]).

Based upon our review of the record as a whole, we agree that the statutory requirements were not met here. Specifically, although Family Court did inform respondent of his right to a hearing, the court did not advise respondent that "he had the right to remain silent . . . , the right to present witnesses on his own behalf and to confront witnesses against him at a fact-finding hearing, and the right to require the presentment agency to prove that he committed an act which, if committed by an adult, would constitute a crime beyond a reasonable doubt" (*Matter of David T.*, 59 AD3d 631, 632 [2009] [citation omitted]). Further, even assuming that the court's statement that respondent could be placed on probation or in a residential facility sufficed to advise respondent of the possible specific dispositional alternatives (*compare Matter of Eric CC.*, 298 AD2d 632, 633 n 2 [2002]), the allocution of respondent and his mother was insufficient to establish, among other things, that respondent voluntarily waived his right to a fact-finding hearing (*see Matter of Timothy M.*, 225 AD2d 915, 916 [1996]) and

that his mother "fully understood the legal implications of respondent's allocution" (*Matter of Travis TT.*, 47 AD3d 1112, 1113 [2008]; *see Matter of Tiffany MM.*, 298 AD2d 728, 729 [2002]). Finally, the record is silent as to Family Court's reasons for accepting respondent's admission (*see* Family Ct Act § 321.3 [2]; *Matter of Sean R.P.*, 24 AD3d at 1201). Accordingly, the underlying adjudication must be reversed and, as respondent's period of supervision has not expired, this matter must be remitted for further proceedings. Inasmuch as the fact-finding portion of this proceeding was conducted in Albany County, remittal should be to the Albany County Family Court (*see Matter of Florence V.*, 222 AD2d 991, 992 [1995]).

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.