# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**697**

**CAF 12-01583**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JOHNATHAN B.M.,
RESPONDENT-APPELLANT.

-------------------------------

STEUBEN COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

WENDY S. SISSON, ATTORNEY FOR THE CHILD, GENESEO, FOR
RESPONDENT-APPELLANT.

ALAN P. REED, COUNTY ATTORNEY, BATH, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered August 2, 2012 in a proceeding pursuant to Family Court Act article 3. The order, among other things, placed respondent in the custody of the Commissioner of Social Services of Steuben County for a period of one year.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: On appeal from an order of disposition placing him in the custody of the Commissioner of Social Services of Steuben County for a period of one year, respondent contends that his admission to acts that, if committed by an adult, would constitute the crime of forcible touching was defective because Family Court failed to comply with Family Court Act § 321.3 (1). We agree. That section prohibits a court from consenting to the entry of an admission unless it has ascertained, through an allocution of the respondent and his or her parent, that respondent is aware of, inter alia, " 'all possible dispositional alternatives' " (*Matter of Sean R.P.*, 24 AD3d 1200, 1201, *lv denied* 6 NY3d 711). " 'The statute's requirements . . . are mandatory and nonwaivable,' " and preservation therefore is not required (*id.*). Here, respondent's admission was defective inasmuch as "the court failed to ascertain that respondent and his parents were aware of 'all possible dispositional alternatives' " (*id.*), such as the possibilities of a conditional discharge or an extension of placement (*see Matter of Melvin A.*, 216 AD2d 227, 227-228; *see also Matter of Andrew J.S.*, 48 AD3d 1224, 1225; *Matter of Franklin M.*, 11 AD3d 469, 469-470; *Matter of Joseph P.*, 229 AD2d 318, 318; *cf. Matter of Daquan BB.*, 83 AD3d 1281, 1282-1283; *Matter of Eric CC.*, 298 AD2d 632, 633). "Because the period of respondent's placement has expired, the petition must be dismissed" (*Sean R.P.*, 24 AD3d at 1201; *see Matter of Alex Z.*, 82 AD3d 995, 996; *cf. Matter of Dakota L.K.*, 70

AD3d 1334, 1335; *Matter of Tyler D.*, 64 AD3d 1243, 1243; *Franklin M.*, 11 AD3d at 470).

In view of our determination, we do not address respondent's remaining contentions concerning the factual sufficiency of the admission or the disposition.