◼ In the Matter of KAMERON VV., Alleged to be a Juvenile Delinquent. MADISON COUNTY ATTORNEY, Respondent; KAMERON VV., Appellant. [68 NYS3d 210]—

Aarons, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered August 9, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Petitioner commenced this juvenile delinquency proceeding alleging that respondent (born in 2003) had committed acts which, if committed by an adult, would constitute the crimes of sexual abuse in the first degree (*see* Penal Law § 130.65) and endangering the welfare of a child (*see* Penal Law § 260.10). In satisfaction of the petition's allegations, respondent admitted to the charge of endangering the welfare of a child and was adjudicated a juvenile delinquent. Following a hearing, in July 2016, Family Court placed respondent on probation for one year. Respondent now appeals.

As an initial matter, in the absence of a motion to dismiss, respondent's noncompliance with the 60-day period within which to file an appellant's brief and record on appeal (*see* 22 NYCRR 800.9 [a]) does not warrant dismissal of respondent's appeal (*see Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc.*, 94 AD3d 1270, 1271 [2012]). Nor do we agree with petitioner's claim that the appeal should be dismissed as moot. Even though respondent has completed his one-year probationary period, the delinquency determination being challenged on appeal "implicates possible collateral legal consequences" (*Matter of Ryan LL.*, 119 AD3d 994, 994 [2014], *lv denied* 25 NY3d 904 [2015]; *see Matter of Eric CC.*, 298 AD2d 632, 633 n 1 [2002]). We also reject petitioner's assertion that respondent failed to preserve his present challenge for our review (*see Matter of Johnathan B.M.*, 129 AD3d 1517, 1518 [2015]; *Matter of Daquan BB.*, 83 AD3d 1281, 1282-1283 [2011]; *but see Matter of Ricky A.*, 11 AD3d 532, 533 [2004]).

As to the merits, Family Court "shall not consent to the entry of an admission unless it advises the respondent of his or her right to a fact-finding hearing and, further, ascertains through allocution of the respondent and his or her parent that the respondent committed the acts underlying the admission, is voluntarily waiving a fact-finding hearing and is aware of the possible specific dispositional orders" (*Matter of Daquan BB.*, 83 AD3d at 1282 [internal quotation marks, brackets and citations omitted]; *see* Family Ct Act § 321.3 [1]; *Matter of William VV.*, 42 AD3d 710, 711 [2007]). Even though Family Court partially complied with Family Ct Act § 321.3, we agree with respondent that the allocution was insufficient overall (*see Matter of Allen R.*, 214 AD2d 800, 801 [1995]).

At the hearing, Family Court merely asked respondent whether he "engaged in conduct that was likely to pose a risk of injury to a child." Although Family Court specified the date and the location of the alleged crime, the court did not mention any other specific underlying fact forming the basis of the al-

leged crime (*compare Matter of Isaac L.*, 142 AD3d 1263, 1263-1264 [2016]; *Matter of John II.*, 31 AD3d 842, 842 [2006]). As such, Family Court did not "elicit a sufficient factual basis to support respondent's admission" (*Matter of Barry H.*, 24 AD3d 1137, 1138 [2005]; *see Matter of Tiffany MM.*, 298 AD2d 728, 729 [2002]). Furthermore, while Family Court advised respondent of his right to a hearing and his right to remain silent, the record does not indicate that respondent was advised of his right to present witnesses on his behalf, his right to confront witnesses and that the presentment agency had to prove beyond a reasonable doubt that he committed the alleged act, which if committed by an adult, would constitute a crime (*see Matter of Daquan BB.*, 83 AD3d at 1282). Nor do we find that merely asking respondent's mother as to whether respondent's admission to the charge of endangering the welfare of the child was done with her approval constituted a sufficient allocution of respondent's parent as required by Family Ct Act § 321.3 (1) (*see Matter of Allen R.*, 214 AD2d at 801; *Matter of Herbert TT.*, 192 AD2d 916, 917 [1993]).

In view of the foregoing deficiencies, we conclude that the allocution did not comply with the mandates of Family Ct Act § 321.3. Finally, because respondent's probationary period has expired, remittal of the matter is unnecessary and the petition must be dismissed (*see Matter of Robert OO.*, 34 AD3d 1074, 1075 [2006]; *Matter of Edgar Q.*, 185 AD2d 432, 433 [1992]).

Garry, J.P., Lynch, Clark and Pritzker, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.