Matter of Elijah X. (2019 NY Slip Op 07464)





Matter of Elijah X.


2019 NY Slip Op 07464


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527346

[*1]In the Matter of Elijah X., a Juvenile Delinquent. Matt Graber, as Rensselaer County Probation Officer, Respondent; Elijah X., Appellant.

Calendar Date: September 5, 2019 

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Sandra M. Colatosti, Albany, for appellant.
Carl J. Kempf, III, County Attorney, Troy (Kelly Cramer of counsel), for respondent.



Garry, P.J.
Appeal from an amended order of the Family Court of Rensselaer County (Kehn, J.), entered August 30, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to find respondent in willful violation of his probation and placed him in the care and custody of the Office of Children and Family Services.
In March 2017, respondent was adjudicated as a juvenile delinquent upon admission of acts which, if committed by an adult, would constitute a crime. Respondent was subsequently placed on probation for one year and was required, among other things, to cooperate with testing, evaluations and counseling as directed by his probation officer. In February 2018, respondent's probation officer filed a violation of probation petition alleging that respondent had failed to attend the required counseling sessions. At a proceeding held in May 2018, respondent admitted to not attending counseling and, after a dispositional hearing, was ultimately placed in the custody of the Office of Children and Family Services. Respondent appeals, arguing that his allocution did not comply with Family Ct Act § 321.3.
Initially, we note that preservation of this claim was not required (see Matter of Richard S., 168 AD3d 749, 751 [2019]; Matter of Jonathan B.M., 129 AD3d 1517, 1518 [2015]; Matter of Alexander B., 126 AD3d 533, 534 [2015]; Matter of Daquan BB., 83 AD3d 1281, 1282 [2011]). Family Ct Act § 321.3 (1) requires a court to advise a respondent of his or her right to a fact-finding hearing and to question both the respondent and his or her parent, if present, as to whether the respondent committed the act contained in the admission, whether the respondent is voluntarily waiving his or her right to a fact-finding hearing, and whether the respondent is aware of the possible specific dispositional orders (see Matter of Theodore N., 1 AD3d 828, 828-829 [2003]; Matter of Brian OO., 158 AD2d 816, 816 [1990]). The May 2018 allocution did not meet these statutory requirements. Although Family Court did advise respondent, to some extent, regarding his rights, the failure to meet the statutory mandates rendered the allocution inadequate. Critically, although respondent's mother was present, the court failed to question her regarding respondent's waiver of the fact-finding hearing (see Matter of Allen R., 214 AD2d 800, 801 [1995]; Matter of Daniel H., 236 AD2d 874, 874 [1997]), or about his failure to attend counseling. Instead, respondent was merely asked whether he had sufficient time to speak to his parents about the allocution (see Matter of Edgar Q., 185 AD2d 432, 433 [1992]; compare Matter of Eric CC., 298 AD2d 632, 633-634 [2002]). Moreover, the court did not determine whether respondent and his mother understood the possible specific dispositional orders that might result from his allocution (see Matter of David T., 59 AD3d 631, 632 [2009]; Matter of Sean R.P., 24 AD3d 1200, 1201 [2005], lv denied 6 NY3d 711 [2006]). Although it was stated that placement outside the home was an available option, the court did not "ascertain whether [respondent] and his parent[] were aware of the full extent of such a disposition" (Matter of Derick UU., 298 AD2d 654, 654 [2002]; see Matter of Florence V., 222 AD2d 991, 991 [1995]).
Finally, we note that respondent's probationary period began in May 2017, and he was placed in the custody and care of the Office of Children and Family Services on August 21, 2018 for a period of one year. Although it thus appears that respondent's period of placement has expired, because there are collateral consequences resulting from respondent being adjudicated a juvenile delinquent, the appeal is not moot (see Matter of Daniel H., 236 AD2d at 874). In this circumstance, the petition must be dismissed, rather than remitted (see Matter of Sean R.P., 24 AD3d at 1201; Matter of James T., 304 AD2d 864, 864 [2003]; Matter of Tiffany MM., 298 AD2d 728, 730 [2002]).
Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the amended order is reversed, on the law, without costs, and petition dismissed.