Matter of Christian VV. (Christian VV.) (2022 NY Slip Op 07275)

Matter of Christian VV. (Christian VV.)

2022 NY Slip Op 07275

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

533937
[*1]In the Matter of Christian VV., Alleged to be a Juvenile Delinquent. Warren County Attorney, Respondent; Christian VV., Appellant.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Ceresia and Fisher, JJ.

Sandra M. Colatosti, Albany, for appellant.
Lawrence Elmen, County Attorney, Lake George (Ryan J. Dickey of counsel), for respondent.

Clark, J.
Appeal from an order of the Family Court of Warren County (Ted M. Wilson, J.), entered May 6, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.
In March 2021, petitioner commenced three juvenile delinquency proceedings against respondent (born in 2008). Through the first petition, petitioner alleged that respondent had committed acts that, if committed by an adult, would constitute the crimes of criminal mischief in the fourth degree (see Penal Law § 145.00) and menacing in the third degree (see Penal Law § 120.15); through the second, petitioner alleged that respondent committed acts that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree (see Penal Law § 145.00); and through the third, petitioner alleged that respondent committed acts that, if committed by an adult, would constitute the crimes of criminal mischief in the fourth degree (see Penal Law § 145.00) and petit larceny (see Penal Law § 155.25). In satisfaction of all three petitions, respondent admitted to the charge of criminal mischief in the fourth degree, as alleged in the first petition, and consented to be placed in a nonsecure facility for one year. Respondent appeals.
Initially, respondent's argument that the plea allocution did not comply with Family Ct Act § 321.3 is not moot — despite the expiration of respondent's placement — because the delinquency determination challenged herein "implicates possible collateral legal consequences" (Matter of Ryan LL., 119 AD3d 994, 994 [3d Dept 2014] [internal quotation marks and citation omitted], lv denied 25 NY3d 904 [2015]; accord Matter of Kameron VV., 156 AD3d 1272, 1273 [3d Dept 2017]). Further, preservation of such a claim is not required (see Matter of Elijah X., 176 AD3d 1356, 1357 [3d Dept 2019]; Matter of Kameron VV., 156 AD3d at 1273; Matter of Daquan BB., 83 AD3d 1281, 1282 [3d Dept 2011]).
Turning to the merits of respondent's arguments, Family Court must "ascertain through allocution of the respondent and his [or her] parent or other person legally responsible for his [or her] care, if present, that (a) he [or she] committed the act or acts to which he [or she] is entering an admission, (b) he [or she] is voluntarily waiving his [or her] right to a fact-finding hearing, and (c) he [or she] is aware of the possible specific dispositional orders" (Family Ct Act § 321.3 [1]). Although respondent's mother was present at the April 2021 allocution, Family Court only asked her whether she had sufficient time to speak to respondent about the proceedings.[FN1] The record reflects that the court failed to question respondent's mother regarding the acts to which respondent admitted, his waiver of the fact-finding hearing or her awareness of the possible dispositional options. As a result, Family Court's allocution fell short of the statutory mandate (see Family Ct Act § 321.3 [1]; Matter of Elijah [*2]X., 176 AD3d at 1357-1358; Matter of Cheryl P., 175 AD3d 1298, 1300-1301 [2d Dept 2019]; Matter of Kameron VV., 156 AD3d at 1274).
In light of such finding, respondent's remaining arguments are rendered academic.
Egan Jr., J.P., Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: The transcript indicates "[n]o audible response."